PER CURIAM.
Craig Jenkinson timely appeals after a jury convicted him of two counts of lewd assault. The court declared him to be a sexual predator and sentenced him to six years’ imprisonment. He argues that the court erred in allowing collateral evidence of “peeking” incidents because it was introduced solely to prove his propensity to commit the crime charged. We disagree and hold that the court properly exercised its discretion in admitting the evidence. See Saffor v. State, 660 So.2d 668 (Fla.1995). We also affirm as unpersuasive his argument that the trial court erred in prohibiting him from introducing additional evidence of the victim’s motive and bias. However, we reverse the order declaring him to be a sexual predator because he does not have the requisite enumerated prior convictions according to the statute. See § 775.21 Fla. Stat. (1999). Accordingly, we remand this case in order to allow the trial court to correct the order.
*926 POLEN, SHAHOOD, JJ., and GARDINER, ANA I., Associate Judge, concur.